IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 39

| | |
|---|---|
| GEGORGE MURRAY SIMMONS, II, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND RECOMMENDATION |
| INGLES MARKETS, INC.; GREG HUGHES, and JEFF LNU, | ) |
| Defendants. | ) |

This matter is before the Court on Defendant Greg Hughes' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 25), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Having carefully considered the parties' arguments, the record, and applicable authority, the undersigned respectfully recommends that the Motion be granted.

I. **Relevant Procedural History**

Plaintiff George Murray Simmons, II filed his Complaint on February 4, 2019. (Doc. 1).

Defendant Greg Hughes ("Hughes") filed a Motion to Dismiss the Complaint and a supporting brief on April 8, 2019. (Docs. 8, 9).

Plaintiff responded on April 22, 2019. (Docs. 17, 18).

Hughes replied on April 29, 2019. (Doc. 21). The same day, Plaintiff

1

filed an "Amended Complaint." (Doc. 22).[1]

Hughes then filed his Motion to Dismiss the Amended Complaint and a supporting brief. (Docs. 25, 26). Plaintiff responded and Hughes replied. (Docs. 28, 30, 31).

## II. Factual Background

Drawing all reasonable inferences in Plaintiff's favor, he appears to allege as follows:

Plaintiff was hired as a "night stocker" by Ingles Markets, Incorporated. ("Ingles") in or around April of 2018. EEOC Charge (Doc. 26-1) at 2.[2]

---

[1] This document does not re-state all of the allegations in the original Complaint, and appears primarily focused on Plaintiff's request that the Court "amend the list of Defendants to add Ingles Markets INCORPORATED." (Doc. 22) at 1. Considering Plaintiff's *pro se* status, the undersigned construes the "Amended Complaint" as having incorporated the claims and allegations in the original Complaint.

[2] A copy of the charge Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") has been submitted as an exhibit to Defendant's memorandum. Though Plaintiff did not submit a copy of the charge, he relies on it as well as the EEOC's Dismissal and Notice of Rights, which resulted from the charge. See Doc. 1 at 6; Doc. 30 at 1 ("The company represented by Greg Hughes is being sued and did have a formal complaint filed with the EEOC against them"). Consequently, Plaintiff's charge may be considered. See e.g., Blue v. Appalachian State Univ., No. 5:11CV19-RLV, 2012 WL 242837, at *3 (W.D.N.C. Jan. 25, 2012) (citations omitted) ("A court ruling on a Rule 12(b)(6) motion may consider documents outside of the pleadings so long as the documents are integral to the complaint, explicitly relied on in the complaint, and their authenticity is not challenged."); see also In re KBR, Inc., 744 F.3d 326, 333 (4th Cir. 2014) ("[W]hen a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment") (quoting Velasco v. Gov't of Indon., 370 F.3d 392, 398 (4th Cir. 2004)); Adams v. Shipman, No. 1:13CV858, 2014 WL 4924299, at *3, n.6 (M.D.N.C. Sept. 30, 2014) (considering EEOC charge).

2

On May 5, 2018, Plaintiff and a co-worker complained to Ingles that an employee was harassing newly hired employees. The complaint prompted an investigation by Ingles. The employee engaged in the alleged harassment was the father of the store's night manager, "Jeff".[3] Pl.'s Compl. (Doc. 1) at 4.

In retaliation for the filing of the complaint, Jeff threatened Plaintiff with "write ups" and eventually moved Plaintiff to work in an aisle of the store that required Plaintiff to perform tasks Jeff knew Plaintiff was unable to accomplish due to his physical disability. Id.

On May 23, 2018, Jeff "wrote [Plaintiff] up" for failing to meet an "undocumented written quota." After Plaintiff requested an accommodation and was placed on modified duties, Jeff changed established procedures to ensure that Plaintiff was delayed in completing his required tasks and then complained about the speed of Plaintiff's work. Id.

Plaintiff further alleges that Hughes, the store's general manager, refused to consider documents from Plaintiff's medical providers listing his limitations, supported Jeff's claim that Plaintiff failed to meet a work quota but refused to provide Plaintiff with any documentation about the quota, and selectively enforced company policies against Plaintiff. Id.

On May 29, 2018, Hughes informed Plaintiff that he would be moved to

---

[3] Plaintiff identifies this individual as "Jeff the Night manager." Pl.s' Compl. (Doc. 1) at 4. Hughes identifies him as "Jeff Updike." Def.'s Mem. (Doc. 26) at 1.

a shift with fewer hours and that he would not be allowed to resume the duties he had been assigned at the time he was hired.  Id.

Plaintiff was discharged in or around June of 2018. EEOC Charge (Doc. 26-1) at 2.

### III. Legal Standard

#### A. Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the question of whether the court has subject matter jurisdiction to hear a dispute.  Where a defendant contends that a complaint fails to allege facts demonstrating the existence of subject matter jurisdiction, the court, as when ruling on a motion to dismiss pursuant to Rule 12(b)(6), assumes as true the factual allegations in the complaint.  See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

The burden of establishing subject matter jurisdiction rests with the party asserting jurisdiction.  Id.; Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).  "[D]ismissal for lack of subject matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case."  Beckworth v. Bizier, No. 3:12-CV-00512-MOC-DSC, 2013 WL 310065, at *1, n.1 (W.D.N.C. Jan. 25, 2013).

## B. Rule 12(b)(6)

In a motion made pursuant to Rule 12(b)(6), the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

Federal courts extend latitude to the pleadings of *pro se* litigants. See e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (noting that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers").

## IV. Discussion

In his Motion, Hughes argues that: (1) because there is no individual liability under the American with Disabilities Act of 1990, as amended ("ADA"), Plaintiff fails to state a claim against him, and (2) even if individual liability could be imposed under the ADA, Plaintiff's claim should be dismissed because Plaintiff failed to name Hughes as a respondent in the charge Plaintiff filed previously with the EEOC. Def.'s Mem. (Doc. 26) at 2, 4-5.

As an initial matter, it is not entirely clear that Plaintiff intends to assert claims against Hughes individually. While Plaintiff's pleadings identify Hughes as a defendant, some statements in his filings suggest Plaintiff may not be seeking affirmative relief from Hughes. See e.g., "Response to Defendants Memorandum in Support of Defendant Greg Hughes' Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 30) at 1 ("The Defendant has argued only that the ADA does not allow for individual liability of which Greg Hughes is not named here as such. So as such that issue is not relevant").

Assuming, however, that Plaintiff has attempted to assert an ADA claim against Hughes individually, the undersigned agrees that such a claim is not recognized. Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (ADA does not provide for cause of action against defendants in their individual capacities) (citing Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (holding that individuals are not subject to liability under the ADA or Title VII)). The undersigned will therefore recommend dismissal on this basis pursuant to Rule 12(b)(6). See e.g., Stanley v. Gaston Cty. Dep't of Health & Human Servs., No. 3:15-CV-00551-FDW-DCK, 2016 WL 5867431, at *4 (W.D.N.C. Oct. 6, 2016).

Hughes next argues that Plaintiff's claim against him should be dismissed because Plaintiff did not name Hughes in his EEOC charge. In that regard, Hughes contends that the requirement that a plaintiff file an

6

administrative charge before filing an ADA claim "is more than a mere procedural bar" and that "the Fourth Circuit has clarified that a plaintiff's failure to file a charge with the EEOC and to exhaust the EEOC's administrative processes 'deprives the federal courts of subject matter jurisdiction over the claim.'" (Doc. 26) at 5 (citing Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009)).

Hughes is correct that Plaintiff only identified "Ingles Markets" as a respondent in the charge he filed with the EEOC on October 23, 2018. See EEOC Charge (Doc. 26-1) at 2. The law regarding the impact of Plaintiff's omission of Hughes, however, has recently changed.

The ADA is modeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and incorporates Title VII's enforcement procedures, including the requirement that a plaintiff exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court. See Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012). The Fourth Circuit previously held that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Similarly, courts within the Fourth Circuit found that administrative remedies had not been exhausted, and therefore subject matter jurisdiction was lacking, where a plaintiff was suing

7

a defendant who had not been named in the EEOC charge. See e.g., Yoo v. BMW Mfg. Co., LLC, No. CV71703499TMCSVH, 2019 WL 1416882, at *7 (D.S.C. Mar. 29, 2019); Brown v. Minichbauer, No. 1:13CV474, 2014 WL 12493189, at *1 (M.D.N.C. Apr. 16, 2014), aff'd, 585 F. App'x 261 (4th Cir. 2014); Tuttle v. Anuvia Prevention & Recovery, No. 3:13CV134-GCM, 2013 WL 3899666, at *2 (W.D.N.C. July 29, 2013) (noting that courts in the Fourth Circuit have dismissed claims under Title VII and the ADA against individuals who were not named as respondents in the charge).

Subsequent to the filing of the parties' briefs in this case, the United States Supreme Court held that the failure to exhaust administrative remedies under Title VII is not an issue of subject matter jurisdiction. See Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1850-51 (2019). This decision abrogated the Fourth Circuit's prior ruling in Jones v. Calvert Grp., Ltd., 551 F.3d 297 (4th Cir. 2009) on which Hughes relies.

The undersigned will not, therefore, recommend alternatively that Plaintiff's claims be dismissed for lack of subject matter jurisdiction.[4]

---

[4] Hughes has not argued, and the undersigned has not addressed, whether Plaintiff's failure to include Hughes as a respondent to the EEOC charge could be a basis for dismissal on grounds other than a lack of subject matter jurisdiction.

## V. Conclusion

For the reasons stated, the undersigned **RECOMMENDS** that Defendant Greg Hughes' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 25) be **GRANTED,** and that Plaintiff's claims against Hughes be **DISMISSED WITH PREJUDICE**.

Signed: November 2, 2019

*W. Carleton Metcalf*
United States Magistrate Judge

### Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).