# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00039-MR-WCM

| | | |
|---|---|---|
| GEORGE MURRAY SIMMONS, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| INGLES MARKETS, INC., GREG HUGHES, and JEFF LNU, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss Plaintiff's Amended Complaint filed by the Defendant Greg Hughes ("Defendant Hughes") [Doc. 25]; the Magistrate Judge's Memorandum and Recommendation [Doc. 32] regarding the disposition of that motion; and the *pro se* Plaintiff's "Response" to the Memorandum and Recommendation [Doc. 33].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition.

On November 4, 2019, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendant's Motion to Dismiss be granted. [Doc. 32]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. On November 15, 2019, the Plaintiff filed a filed a "Response" to the Memorandum and Recommendation. [Doc. 33]. In this pleading, the Plaintiff states that Defendant Hughes "was primarily served as a defendant on the grounds [that] he is a managing agent for" Ingles Markets, Inc. [Id. at 1]. The Plaintiff further indicates that so long as the dismissal of Defendant Hughes does not affect the issue of whether Ingles Markets, Inc. was properly served with process, then the Plaintiff has no objections to the dismissal of Defendant Hughes from this action. [Id.].

The Magistrate Judge recommended the dismissal of Defendant Hughes from this action on the basis that there is no individual liability under the American with Disabilities Act of 1990, as amended. [Doc. 32 at 6]. The dismissal of Defendant Hughes on this basis has no bearing on the issue of whether Ingles Markets, Inc. was properly served through Defendant

2

Hughes. Accordingly, it appears that the Plaintiff has no objection to the Memorandum and Recommendation.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that Defendant Hughes' Motion to Dismiss should be granted, and that the Plaintiff's claims should be dismissed as to this Defendant.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's "Response," which the Court construes as an objection to the Memorandum and Recommendation [Doc. 33], is **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 32] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint filed by the Defendant Greg Hughes [Doc. 25] is **GRANTED**, and the Plaintiff's claims against Defendant Hughes are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that The Clerk of Court shall send the *pro se* Plaintiff a Notice of Availability of the Settlement Assistance Program. The Plaintiff shall have fourteen (14) days (the "Opt in Period") to decide

whether to participate in the Pro Se Settlement Assistance Program and return the completed Notice form to the Clerk of Court in Asheville. The deadline for conducting an initial attorneys' conference is tolled during this Opt in Period.

**IT IS SO ORDERED.**

Signed: November 19, 2019

Martin Reidinger
United States District Judge